Case 25-22741-GLT    Doc 46    Filed 10/27/25    Entered 10/27/25 09:05:52    Desc Main
Document    Page 1 of 2

FILED
10/27/25 9:01 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | | |
|---|---|---|---|---|
| In re: | : | | Case No.: | 25-22741-GLT |
| | : | | Chapter: | 11 |
| Bunting Graphics, Inc. | : | | | |
| | : | | | |
| | : | | Date: | 10/24/2025 |
| Debtor(s). | : | | Time: | 02:00 |

## PROCEEDING MEMO

**MATTER:**    #7 - Order to Show Cause Why the Court Should not Dismiss
This Bankruptcy Case because Debtor has not appeared
through legal counsel
    #42 - Emergency Motion for an Order (I) Excusing Joshua Bunting
    From Appearing at Show Cause Hearing Or In the Alternative (III)
    Continuing Show Cause Hearing

#17 - Expedited Motion to Dismiss Case or For Relief From Stay
Filed by The Whiting-Turner Contracting Company
    [Response due 10/23/2025 at 12:00 PM]
#39 - Debtor's Response to Motion to Dismiss
    or For Relief From Stay
#40 - Amended Voluntary Petition Withdrawing Sub V designation
#41 - Motion To Extend Time to Complete Bankruptcy Filing

**APPEARANCES**:
Debtor:    David Valencik, Andrew Pratt (Joseph Bunting)
US Trustee:    Ronna Jackson
The Whiting-Turner Contracting Company:    Jacob Broadway (Michael Dingman, Chauna Abner)
First National Bank:    Justin McCall

[2:14]
**NOTES:**

Pratt: An emergency motion was filed because Joshua Bunting was going to be unable to make it today. The Debtor is a specialty contractor based on Verona. The Debtor for some time has had issues with litigation which is causing a cash flow issue. If the case moves forward, we expect the Debtor would be able to reorganize. We have been working with FNB on a cash collateral stipulation that we are hoping to submit before sometime next week, so that way that can be adjudicated and moved forward. Just on dockets you can find on PACER, there were at least 13 active lawsuits where the Debtor was a participant. There has been a need to consolidate resources. We expect there would be heavy creditor engagement in this case.

Court: You mentioned a cash collateral stipulation. Are you looking for any other first day relief?

Pratt: We wanted to get through today. There is going to be a bank account motion looking to retain a bank account ending in #0202. There does appear that there should be pre-petition wage motion to ratify payments made prior to our firm's involvement. Both motions would be filed by Monday. As far as other operational items, I don't believe so.

Court: I saw that income statements were filed. They did not paint a promising picture.

Pratt: The biggest part of the spending has been related to the litigation I referred to.

Court: Anything further?

Pratt: No.

Broadway: The Debtor's offers to cure do not fix the issue here. Our colleagues in Maryland are having a similar issue. Mike Dingman is here today to share his experience.

Dingman: This case arises from a construction project in Virginia. From Whiting-Turner's point of view, it makes sense for Judge Grigsby to move forward on this.

Court: Any reason to contest that there are other creditors involved here?

Broadway: I haven't seen any evidence, I have a record here that includes this petition that this was filed on the eve of trial.

Pratt: It has been filed that there are at least 20 creditors in this case and the Court can take judicial notice of that. Yes, this petition was filed on the eve of trial. This is not solely dispositive issue, though. There is going to be very active creditor representation in this case and again at this point there is an opportunity for reorganization. Under 1112(b), Whiting-Turner has not carried their burden that dismissal is warranted. We have to look to which party is more harmed by the relief from stay. At this juncture, the Court should deny relief from stay until a claim objection is filed. Liability has already been determined.

Broadway: Once good faith is at issue at 1112(b), it's actually the Debtor's burden.

Court: This case was filed just two weeks ago, and the fact that it was filed pro se was also an issue. That was corrected by counsel appearing today. There was a hefty retainer fee, so I presume counsel will be around for awhile. I do have a list of 20 unsecured creditors. The bankruptcy petitions suggest there are substantial assets and substantial liabilities. There is an opportunity for the Debtor to correct those mistakes. Given that we are only two weeks in, there is not cause to dismiss at this point.

Pratt: Our office did file an amended voluntary petition to remove the Sub V.

***OUTCOME:***

1. For the reasons stated on the record at the October 24, 2025 hearing, and the fact that the Debtor-in-Possession is represented by proposed legal counsel, the *Order to Show Cause Why the Court Should not Dismiss This Bankruptcy Case* [Dkt. No. 7] is **VACATED**.

2. For the reasons stated on the record at the October 24, 2025 hearing, the *Emergency Motion for an Order (I) Excusing Joshua Bunting From Appearing at Show Cause Hearing or in the Alternative (III) Continuing Show Cause Hearing* [Dkt. No. 42] is **GRANTED**.

3. For the reasons stated on the record at the October 24, 2025 hearing, the *Motion to Extend Time to Complete Bankruptcy Filing* [Dkt. No. 41] is **GRANTED**. On or before November 6, 2025, the Debtor shall complete the petition by filing the remaining schedules and statements of financial affairs.

4. For the reasons stated on the record at the October 24, 2025 hearing, the *Expedited Motion to Dismiss Case or for Relief From Stay Filed by the Whiting-Turner Contracting Company* [Dkt. No. 39] is **DENIED**.

5. For the reasons stated on the record at the October 24, 2025 hearing, as well as the consideration of the *Amended Voluntary Petition Withdrawing Sub V Designation* [Dkt. No. 40], the Court's *Order Establishing Case Management Deadlines (Subchapter V Small Business Case)* [Dkt. No. 6] is **VACATED**. The status conference scheduled for November 7, 2025 is **CANCELED**. The Debtor shall serve interested parties with a notice of cancellation or a copy of this order. [Chambers to Issue]

**DATED:** 10/24/2025